**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIELLE JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-16601** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ARMS SECURITY CORPORATION,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, Danielle Jones ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Arms Security Corporation ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR").  (Attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Danielle Jones, resides in Cook County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, Arms Security Corporation, is a corporation doing business in and for Cook County whose address is 824 W Superior Street, Suite 310, Chicago, IL 60642.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

2

## BACKGROUND FACTS

11.     On or about July 15, 2023, Plaintiff was hired by Defendant as a Security Officer.

12.     Plaintiff is currently employed in this capacity.

13.     On or about July 23, 2023 Plaintiff was unlawfully suspended and has not been permitted to return to work on the basis of her sex (female) and in retaliation for opposing sexual harassment.

14.      Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

15.     Plaintiff is female and is a member of a protected class because of her sex.

16.     Throughout her employment for Defendant, Plaintiff has met or exceed Defendant's performance expectations in all areas, as to the best of her knowledge, she has not received any negative performance remarks or write-ups.

17.     Beginning on her very first day of work, Plaintiff's supervisor, Brian (LNU) began subjecting her to sexual harassment and sex-based discrimination.

18.     Brian would send Plaintiff inappropriate text messages and make sexually-charged comments.

19.     These unwanted advances were rejected by Plaintiff, yet that didn't stop Brian.

20.     This overt sexual harassment made Plaintiff feel ashamed and embarrassed as a woman.

21.     This behavior created an environment of pervasive sexual harassment that permeated Defendant's entire workplace.

3

22.     This sexual harassment became so unbearable and left Plaintiff so uncomfortable, that she was left with no choice but to report Brian's conduct to her other supervisor.

23.     However, no action was ever taken in response to Plaintiff's complaints.

24.     This failure to investigate or remedy the situation allowed the sexual harassment to continue.

25.     Not only did management ignore Plaintiff's complaints of sexual harassment, but they suspended her employment in retaliation for filing a complaint of sexual harassment.

26.     Defendant did not even bother to give a pre-textual reason for Plaintiff's suspension.

27.     Other similarly situated non-female employees did not experience the same treatment as Plaintiff and were not subject to suspension for similar reasons.

28.     This egregious retaliation has caused Plaintiff lost wages and severe emotional distress.

29.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her supervisor about the harassment.

30.     Further, there is employer liability for the sex-based discrimination and sexual harassment, as the harassment was committed by one of Defendant's employees who had supervisory authority over Plaintiff.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

31.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

32.     By virtue of the conduct alleged herein, Defendant engaged in unlawful

employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

33.    Defendant knew or should have known of the harassment.

34.    The sexual harassment was severe or pervasive.

35.    The sexual harassment was offensive subjectively and objectively.

36.    The sexual harassment was unwelcomed.

37.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

38.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

39.    As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

40.    Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

41.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

42.    Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant, as she never received write-ups or negative performance remarks.

43.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44.     Defendant retaliated against Plaintiff and subjected Plaintiff to different terms of employment on the basis of Plaintiff's sex.

45.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

46.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

47.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

48.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

49.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

50.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to supervisors and/or Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

51.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

52.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

53.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

54.     Plaintiff's suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to suspension.

55.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

56.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Liquidated damages;

h.      Punitive damages;

i.      Reasonable attorney's fees and costs; and

j.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 8th day of December, 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*