UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELLE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.1:23-cv-16601 |
| vs. ) | |
| ) | Hon. Steven C. Seeger |
| ARMS SECURITY CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

Defendant, Arms Security Corporation ("Defendant"), by and through its undersigned attorneys, for its Answer to the Complaint of Plaintiff, Danielle Jones, ("Plaintiff"), states as follows:

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

**ANSWER**: Defendant admits that Plaintiff has filed a civil action for damages under the cited authority but denies that Plaintiff is entitled to any relief and denies the remaining allegations contained in this paragraph.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

**ANSWER**: Defendant admits that this Court has jurisdiction over this matter under the cited authority but denies that Plaintiff is entitled to any relief and denies the remaining allegations contained in this paragraph.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ANSWER**: Defendant admits that venue is proper in this district under the cited authority based on the location of Defendant's business operations and denies the remaining allegations contained in this paragraph.

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

**ANSWER**: Defendant lacks information or belief sufficient to answer the allegations in this paragraph, and therefore denies same.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

**ANSWER**: The allegations in this paragraph purport to describe or characterize a charge, which is the best evidence of its contents; Defendant refers to the charge for its complete and accurate contents, denies any allegations inconsistent therewith, and denies any remaining allegations in this paragraph.

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**ANSWER**: Defendant lacks information or belief sufficient to answer the allegations in this paragraph, and therefore denies same.

7. At all times material to the allegations of this Complaint, Plaintiff, Danielle Jones, resided in Cook County in the State of Illinois.

**ANSWER**: Defendant lacks information or belief sufficient to answer the allegations in this paragraph, and therefore denies same.

8. At all times material to the allegations in this Complaint, Defendant, Arms Security Corporation, is a corporation doing business in and for Cook County whose address is 824 W Superior Street, Suite 310, Chicago, IL 60642.

**ANSWER**: Defendant objects to the phrase "doing business in and for Cook County" as vague and unclear. Answering further, Defendant admits it has an office located at 842 W. Superior Street, Suite 310, Chicago, IL 60642. Defendant denies any remaining allegations in this paragraph.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

**ANSWER**: Defendant admits that Plaintiff is an employee of Defendant and denies that Plaintiff "was" an employee of Defendant.

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**ANSWER**: Defendant objects to the phrase "applicable limitations period" as vague and unclear. Answering further, Defendant admits to the allegations contained in this paragraph as of the time of the events at issue in this litigation.

11. On or about July 15, 2023, Plaintiff was hired by Defendant as a Security Officer.

**ANSWER**: Admitted.

12. Plaintiff is currently employed in this capacity.

**ANSWER**: Admitted.

13. On or about July 23, 2023 Plaintiff was unlawfully suspended and has not been permitted to return to work on the basis of her sex (female) and in retaliation for opposing sexual harassment.

**ANSWER**: Denied.

14. Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

**ANSWER**: Denied.

15. Plaintiff is female and is a member of a protected class because of her sex.

**ANSWER**: Defendant admits that Plaintiff is a member of a protected class but denies she is entitled to any relief in this matter.

16. Throughout her employment for Defendant, Plaintiff has met or exceeded Defendant's performance expectations in all areas, as to the best of her knowledge, she has not received any negative performance remarks or write-ups.

**ANSWER**: Defendant admits that Defendant has not received any negative performance write-ups, lacks information or belief sufficient to answer any allegations regarding Plaintiff's "knowledge," and denies the remaining allegations contained in this paragraph.

17. Beginning on her very first day of work, Plaintiff's supervisor, Brian (LNU) began subjecting her to sexual harassment and sex-based discrimination.

**ANSWER**: Denied.

18. Brian would send Plaintiff inappropriate text messages and make sexually-charged comments.

**ANSWER**: Denied.

19. These unwanted advances were rejected by Plaintiff, yet that didn't stop Brian.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

20. This overt sexual harassment made Plaintiff feel ashamed and embarrassed as a woman.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

21. This behavior created an environment of pervasive sexual harassment that permeated Defendant's entire workplace.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

22. This sexual harassment became so unbearable and left Plaintiff so uncomfortable, that she was left with no choice but to report Brian's conduct to her other supervisor.

4

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and thus denies the allegations contained in this paragraph.

23. However, no action was ever taken in response to Plaintiff's complaints.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian thus denies the allegations contained in this paragraph.

24. This failure to investigate or remedy the situation allowed the sexual harassment to continue.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and thus denies the allegations contained in this paragraph.

25. Not only did management ignore Plaintiff's complaints of sexual harassment, but they suspended her employment in retaliation for filing a complaint of sexual harassment.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and denies that Defendant suspended Plaintiff's employment and thus denies the allegations contained in this paragraph.

26. Defendant did not even bother to give a pre-textual reason for Plaintiff's suspension.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and denies that Defendant suspended Plaintiff's employment and thus denies the allegations contained in this paragraph.

27. Other similarly situated non-female employees did not experience the same treatment as Plaintiff and were not subject to suspension for similar reasons.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and denies that Defendant suspended Plaintiff's employment and thus denies the allegations contained in this paragraph.

28. This egregious retaliation has caused Plaintiff lost wages and severe emotional distress.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and denies that Defendant suspended Plaintiff's employment and thus denies the allegations contained in this paragraph.

29. plaintiff can show that she engaged in statutorily protected activity -a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her supervisor about the harassment.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and denies that Defendant suspended Plaintiff's employment and thus denies the allegations contained in this paragraph.

30. Further, there is employer liability for the sex-based discrimination and sexual harassment, as the harassment was committed by one of Defendant's employees who had supervisory authority over Plaintiff.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and denies that Brian had any supervisory authority over Plaintiff and thus denies the allegations contained in this paragraph.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

31. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

**ANSWER**: Defendant hereby incorporates each of its foregoing answers to the referenced paragraphs as if fully set forth here.

32. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

33. Defendant knew or should have known of the harassment.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

34. The sexual harassment was severe or pervasive.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

35. The sexual harassment was offensive subjectively and objectively.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

36. The sexual harassment was unwelcomed.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

37. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

**ANSWER**: Defendant admits that Plaintiff is a member of a protected class but denies she is entitled to any relief in this matter.

38. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

39. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

40. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

**ANSWER**: Defendant hereby incorporates each of its foregoing answers to the referenced paragraphs as if fully set forth here.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

42. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant, as she never received write-ups or negative performance remarks.

**ANSWER**: Denied.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**ANSWER**: Denied.

44. Defendant retaliated against Plaintiff and subjected Plaintiff to different terms of employment on the basis of Plaintiff's sex.

**ANSWER**: Denied.

45. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

**ANSWER**: Defendant admits that Plaintiff is a member of a protected class but denies she is entitled to any relief in this matter.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

47. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and thus denies the allegations contained in this paragraph.

## COUNT III
## Violation of Title VII of the Civil Rights Act (Retaliation)

48. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

**ANSWER**: Defendant hereby incorporates each of its foregoing answers to the referenced paragraphs as if fully set forth here.

49. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

**ANSWER**: Defendant admits that Plaintiff is a member of a protected class but denies she is entitled to any relief in this matter.

50. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to supervisors and/or Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and thus denies the allegations contained in this paragraph.

51. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and thus denies the allegations contained in this paragraph.

9

52. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and thus denies the allegations contained in this paragraph.

53. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and thus denies the allegations contained in this paragraph.

54. Plaintiff's suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to suspension.

**ANSWER**: Defendant denies that Brian engaged in any of the conduct Plaintiff alleges and denies that Plaintiff complained of any conduct undertaken by Brian and denies that Defendant suspended Plaintiff's employment and thus denies the allegations contained in this paragraph.

55. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**ANSWER**: Denied.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**ANSWER**: Denied.

57. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**ANSWER**: Denied.

The remainder of the Complaint is a prayer for relief that does not require an answer, but Defendant otherwise denies that Plaintiff is entitled to any relief in this matter and denies any and all allegations and averments set forth in the Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Complaint, Defendant, Arms Security Corporation, states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages by refusing work shifts offered by Defendant, for whom she is still employed, and either mitigated her damages by accepting another job, or failed to mitigate her damages by failing to diligently seek and/or accept another job.

### SECOND AFFIRMATIVE DEFENSE

The conduct alleged in the Complaint, to the extent it occurred, was not performed by any employee, supervisor, officer, director, or managing agent of Defendant, was not ratified or approved by Defendant, was not performed by any individual regarding whom Defendant had advance knowledge of the alleged actions, and was not undertaken or performed by any employee, supervisor, officer, director, or managing agent of Great Dane with malice, oppression, or fraud.

### THIRD AFFIRMATIVE DEFENSE

To the extent the conduct alleged in the Complaint occurred, Plaintiff fails to allege and cannot prove severe or pervasive conduct undertaken by any employee, supervisor, officer, director, or managing agent of Defendant and therefore cannot establish claims for harassment or hostile work environment.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the conduct alleged in the Complaint occurred, Defendant is not liable for any alleged hostile work environment or harassment because it took reasonable measures to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or to avoid harm otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Defendant and has not suffered any adverse employment action because she is still employed by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Any claim that may be stated in the Complaint for damages on behalf of Plaintiff resulting from mental pain and suffering, loss of enjoyment of life and/or any other physical, psychological and emotional symptoms and conditions are barred, and the Court lacks jurisdiction, to the extent that such claims are subject to the exclusivity provisions of the Illinois workers' compensation statute.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent the conduct alleged in the Complaint occurred, Defendant is not vicariously liable for punitive damages because any retaliation alleged in the Complaint would violate the policies of Defendant and its good faith efforts to comply with applicable anti-retaliation laws.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event that investigation and discovery indicate they would be appropriate.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff, together with an award of costs incurred in defending this action.

**ARMS SECURITY CORPORATION**

*/s/ Mark D. Brookstein*
One of its attorneys

GOULD & RATNER LLP
Mark D. Brookstein (ARDC No. 6274623)
222 North LaSalle St., Suite 300
Chicago, Illinois 60601
(312) 236-3003
mbrookstein@gouldratner.com